UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

REINHART COMPANIES EMPLOYEE
BENEFIT PLAN and REYES HOLDINGS
WELFARE BENEFIT PLAN,

      Plaintiffs,

v.

CORY VIAL and PAULA VIAL, individually
and as co-conservators of CHANDLER VIAL,

      Defendants.
                                         /

Case No. 2:09-CV-169

HON. GORDON J. QUIST

## **OPINION**

Plaintiffs, Reinhart Companies Employee Benefit Plan and Reyes Holdings Welfare Benefit Plan (the "Plans"), filed this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. 1001, *et seq.*, against Defendants, Cory Vial and Paula Vial (the "Vials"), individually and as co-conservators of Chandler Vial. The Plans seek reimbursement from the Vials out of a personal injury settlement they obtained based upon injuries to their minor son, Chandler, for which the Plans provided medical benefits. The Vials have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), 12(b)(7), and for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). For the reasons set forth below, the motion will be denied.

# BACKGROUND[1]

The Plans are self-funded, ERISA-qualified employee welfare benefit plans that provide medical benefits to eligible participants and beneficiaries. Both Plans contain subrogation/reimbursement provisions that give the Plans first priority to reimbursement of benefits paid by the Plan if the participant or beneficiary recovers from a party who is responsible for the injury or sickness for which the benefits were paid. The subrogation and reimbursement provisions of the Reinhart Plan provide:

> **Right of Subrogation**
>
> If, after payments have been made under this *plan, you* have a right to recover damages from a responsible or liable party, the *plan* shall be subrogated to that right to recover. The *plan's* right of subrogation is to full recovery. It may be made from any responsible or liable party. It will be to the extent of expenses that are paid or payable for any health care expenses under the *plan*.
>
> **Right of Reimbursement**
>
> If benefits are paid under this *plan* and *you* recover from a responsible or liable party by settlement, judgement or otherwise, the *plan* has a right to recover from *you*. Recovery will be in an amount equal to the amount of *plan* assets paid on *your* behalf. The *plan's* right of reimbursement may be from funds received from any responsible or liable party. It will be to the extent of *plan* assets that are paid or payable for any health care expenses under the *plan*.

The Reyes Plan subrogation and reimbursement provisions provide:

> **Right to Subrogation**
>
> The right to subrogation means the Plan is substituted to any legal claims that you may be entitled to pursue for Benefits that the Plan has paid. Subrogation applies when the Plan has paid Benefits for a Sickness or Injury for which a third party is considered responsible, e.g. an insurance carrier if you are involved in an auto accident.
>
> The Plan shall be subrogated to, and shall succeed to, all rights of recovery from any or all third parties, under any legal theory of any type, for 100 percent of any services

---

[1]The following facts are taken from the complaint.

and Benefits the Plan has paid on your behalf relating to any Sickness or Injury caused by any third party.

**Right to Reimbursement**

The right to reimbursement means that if a third party causes a Sickness or Injury for which you receive a settlement, judgment, or other recovery, you must use those proceeds to fully return to the Plan 100% of any Benefits you received for that Sickness or Injury.

(Compl. Exs. A and B.)

Chandler was born on January 1, 2004, and sustained injuries during his birth. On that date Defendant Cory Vial was a participant in the Reinhart Plan, and Chandler was a covered dependent. As a result of the injuries Chandler sustained, the Reinhart Plan paid medical benefits from January 1, 2004, through December 5, 2005, totaling $55,403.47. Beginning January 1, 2006, Defendant Cory Vial was a participant of the Reyes Plan, and Chandler was a covered dependent under that Plan. Between January 1, 2006, and July 1, 2007, the Reyes Plan paid medical benefits for Chandler's treatment in the total amount of $31,947.89.

The Vials filed a medical malpractice complaint in the Marquette County Circuit Court, as next friends of Chandler, based on the injuries Chandler suffered and for which the Plans paid medical benefits. After the initiation of the state court lawsuit, the Plans advised the Vials of the Plans' assertion of equitable liens on the amount of any recovery. The Vials reached a settlement with one or more of the defendants in the state court litigation. Although the Plans requested the Vials to acknowledge and honor the Plans' rights of reimbursement, the Vials have refused to do so. Accordingly, the Plans filed this action to enforce their right to reimbursement.

## DISCUSSION

### *Motion to Dismiss Under Rule 12(b)(1)*

The Vials first move for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject mater jurisdiction. A motion under Rule 12(b)(1) may be brought as either a facial attack or a factual attack. *Gentek Bldg. Prods. v. Steel Peel Litig. Trust*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.3d 320, 325 (6th Cir. 1990)).

> A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading. When reviewing a facial attack, a district court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6). If those allegations establish federal claims, jurisdiction exists.

*Id.* (citations omitted). On the other hand, when a motion presents matters outside the pleadings in an attack on jurisdiction, the district court may make factual findings to resolve the dispute. *Lovely v. United States*, 570 F.3d 778, 781-82 (6th Cir. 2009); *see also Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2007) ("When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over th subject matter."). In the instant case, the Vials do not present any evidence to create a factual dispute regarding jurisdiction. Thus, the Rule 12(b)(1) motion is a facial attack, and the Court must accept the allegations of the complaint as true.

The Vials assert that this Court lacks subject matter jurisdiction because "the issue of whether Chandler Vial sustained injuries during his birth and resulting treatment remains outstanding and within the jurisdiction of the Marquette County Circuit Court." (Defs.' Br. at 16.) The Vials note that while they obtained a settlement, it covered only a portion of their claim not relating to past medical expenses. The Vials state that the issue of past medical expenses still remains unresolved before the state court, and by exercising jurisdiction over this case, this Court

would effectively usurp the state court's jurisdiction to decide the merits of the Vials' state law claims.

The Vials' argument lacks merit because it miscomprehends basic principles of federal subject matter jurisdiction. The Plans allege that they are ERISA Plans and assert a claim for equitable relief pursuant to ERISA § 503(a)(3), 29 U.S.C. § 1132(a)(3), based on their rights of reimbursement and subrogation. (Compl. ¶¶ 2, 3, 18, 19.) These allegations suffice to invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331. In fact, in *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356, 126 S. Ct. 1869 (2006), the United States Supreme Court expressly recognized the species of action under § 503(a)(3), which the Plans seek to assert in this case. While related, the claims in the two courts are materially different. The Vials' claim before the state court is a state law medical malpractice claim, while the claim before this Court arises under ERISA and concerns the issue of whether ERISA plans are entitled to equitable liens and a constructive trust on litigation proceeds in order to enforce their rights to subrogation and reimbursement. Finally, contrary to the Vials' suggestion, the state court could not exercise jurisdiction over the Plans' claim for declaratory and equitable relief because this Court has exclusive jurisdiction over such claims. 29 U.S.C. § 1132(e)(1).

The Vials also argue that the Court lacks subject matter jurisdiction because the Plans' claim is not ripe. Ripeness "focuses on the timing of the action." *U.S. Postal Serv. v. Nat'l Ass'n of Letter Carriers, AFL-CIO*, 330 F.3d 747, 751 (6th cir. 2003). "Like standing, 'ripeness is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" *Warshak v. United States*, 532 F.3d 521, 525 (6th Cir. 2008) (quoting *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808, 123 S. Ct. 2026, 2030 (2003) (internal quotation marks omitted)). Courts examine three factors in determining whether a claim is ripe: "(1) the likelihood that the harm alleged by [the] plaintiffs will ever come to pass; (2) whether the

factual record is sufficiently developed to produce a fair adjudication of the merits of the parties' respective claims; and (3) the hardship to the parties if judicial relief is denied at [this] stage in the proceedings." *Warshak v. United States*, 490 F.3d 455, 467 (6th Cir. 2007) (internal quotations and citations omitted).

The Vials contend that the Plans' claims are not ripe because the state court has yet to determine whether the Vials are entitled to payment for past medical expenses. This argument fails because it is based on an incorrect reading of the Plans' reimbursement provisions. As set forth above, the Plans' right to reimbursement is not premised upon a participant's or beneficiary's recovery for past medical expenses. Rather, the reimbursement provisions apply to *any recovery* from a third party that was responsible for the injury. The fact that the Plans allege that the Vials have obtained at least a partial settlement (a fact the Vials do not dispute) relating to their son's injuries is enough to show that their claim for equitable relief is ripe.

Finally, as part of their Rule 12(b)(1) motion, the Vials argue that the Plans' claim is moot because the state court approved disbursement of the settlement proceeds in an order issued on May 18, 2009. A federal court must dismiss a case as moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S. Ct. 1944, 1951 (1969). Contrary to the Vials' assertion, the Plans' claims are not moot because as part of their claim the Plans may obtain an equitable lien and constructive trust over the settlement funds regardless of whether the funds have been disbursed. *See Sereboff*, 547 U.S. at 364-65, 126 S. Ct. at 1875. Moreover, there is no tracing requirement for this type of equitable relief. *Id.* Thus, the Plans' claim for equitable relief is not moot. Finally, apart from the settlement funds that have already been paid to the Vials, there is an actual, live controversy regarding the Plans' rights to reimbursement from any settlement the Vials may still receive in the malpractice case. The Plans assert their rights to equitable liens and a constructive trust not only upon any

6

amounts the Vials have already received, but also upon any amount they may receive in the future pursuant to a verdict, judgment, or settlement. (Compl. ¶ 19.) Given that the Vials have initiated a malpractice claim and have already received a partial settlement from those allegedly responsible for Chandler's injuries, the Plans have a present right to declaratory relief on any further settlement the Vials may receive.

### *Motions Under Rules 12(b)(6) and 12(c)*

The Vials further argue that the Plans fail to state a claim upon which relief may be granted and that they are entitled to judgment on the pleadings.

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

A motion for judgment on the pleadings pursuant to Rule 12(c) is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss. *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006) (quoting *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)).

The Vials' argument on this portion of their motion essentially repeats their arguments regarding lack of subject matter jurisdiction set forth above. Essentially, the Vials argue that the Plans fail to state a claim because there has been no settlement or recovery relative to the past medical expenses for Chandler. This argument lacks merit because, as discussed above, the Plans' reimbursement provisions are not limited to recovery of medical expenses. Similarly, the Vials' argument that they have received no consideration fails because the Plans provided medical benefits for Chandler's treatment on the condition that the Plans would have the right to reimbursement from any recovery the Vials obtained from a party who was responsible for the injuries. Because the Plans allege that the Vials have obtained a settlement, they have properly alleged a claim. Thus, their allegations are sufficient to fulfill *Twombly*'s requirements.[2]

The Vials also argue that dismissal is required because the Plans are not "participants," "beneficiaries," or "fiduciaries" under ERISA and, therefore, lack standing to sue. Although the Vials make this argument as part of their motion under Rule 12(b)(7), it has nothing to do with a failure to join a required party. Rather, because it relates to whether the Plans may sue under ERISA, the Court considers the argument as part of the Vials' Rule 12(b)(6) motion. This argument fails because the Sixth Circuit has held that although an ERISA plan does not fall within the statutory definition of a "fiduciary," a plan may maintain an action under ERISA. *See Saramar Aluminum Co. v. Pension Plan for Employees of the Aluminum Indus. & Allied Indus. of Youngstown*

---

[2]The Vials further argue that *res judicata*, or claim preclusion, bars the Plans' claims because the state court has already ordered that the funds be disbursed. The Vials cite no authority for the proposition that prior disbursal of funds over which a constructive trust is sought has preclusive effect on the claim of the party seeking imposition of the constructive trust, especially when that party did not participate in the underlying proceeding. Moreover, this argument fails for the same reason as the Vials' mootness argument.

8

*Ohio Metro. Area*, 782 F.2d 577, 581 (6th Cir. 1986) ("The Plan, as the party before the court, necessarily includes those who must act for the Plan to administer it and to effectuate its policies."). Thus, under Sixth Circuit law, the Plans are proper parties to this action under ERISA.

*Motion Under Rule 12(b)(7)*

The Vials argue that dismissal is also required because the Plans have failed to join a required party under Fed. R. Civ. P. 19(a). The Vials contend that Bell Memorial Hospital is a required party because "Bell Memorial Hospital has entered into an agreement with the Vials that it will indemnify them relative to the past medical expenses of Chandler Vial." This argument lacks merit.

Under Rule 19(a)(1), an absent party is required if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
　(i) as a practical matter impair or impede the person's ability to protect the interest; or
　(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

The Vials fail to explain why this Court cannot accord complete relief among the existing parties or why Bell Memorial Hospital has a legally protected interest in the subject of the litigation. As explained above, this litigation relates to the Plans' claims for declaratory and equitable relief with regard to the settlement that the Vials have already received and declaratory relief with regard to any litigation proceeds the Vials may receive in the future. Moreover, "'potential indemnitors have never been considered indispensable parties, or even parties whose joinder is required if feasible.'" *WMH Tool Group Hong Kong Ltd. v. Ill. Indus. Tool, Inc.*, No. 05 C 1139, 2006 WL 1517778, at *4 (N.D. Ill. May 24, 2006) (quoting *Pasco Int'l (London) Ltd. . Stenograph Corp.*, 637

9

F.2d 496, 503 (7th Cir. 1980)); *see also Gardiner v. V.I. Water & Power Auth.*, 145 F.3d 635, 641 (3d Cir. 1998) ("In general . . . 'a defendant's right to contribution or indemnity from an absent non-diverse party does not render that absentee indispensable pursuant to Rule 19.'") (quoting *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 412 (3d Cir. 1993) (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse*, 844 F.2d 1050, 1054 (3d Cir. 1988)). Thus, the Plans did not fail to join a required party.

## CONCLUSION

For the foregoing reasons, the Court will deny the Vials' motion to dismiss.

An Order Consistent with this Opinion will be entered.


Dated: December 2, 2009                  /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE